Mr. Chief Justice Shareez
delivered the opinion of the court, which contains a sufficient statement of the case.
This suit was instituted by attachment, which was levied on the goods of defendant. He appeared and moved to quash the attachment, and the motion was sustained. The grounds of the motion do not distinctly appear in the record, but are shown by the assignment of errors to have been, because the bond does not conform to the statute, and it is conceded in argument that this was the point on which the case turned. If the bond is good, the court erred, but if it is not, the judgment must be sustained.
The bond is in strict conformity to the fourteenth section of the attachment law, but it is said that the eighth section of the same law requires a bond with a different condition, and that this section should be followed in the condition of the bond. This must have been the view taken by the circuit court., The eighth section provides that the judge or justice granting the attachment shall take bond and security payable in double the amount claimed, “ conditioned for satisfying all costs which shall be awarded to such defendant, in case the plaintiff suing out the attachment therein mentioned shall be cast in the suit, and also, all damages which shall be recovered against the plaintiff for wrongfully suing out such attachment/’ and proceeds to lay down the form of the attachment and the conditions of the bond. After the recital, the condition prescribed by the statute is as follows, to wit: “ Now if the said shall prosecute his said suit with effect, or in case *299 he fail therein, shall well and truly pay and satisfy the said all such costs and damages as shall be awarded against said his heirs, executors, or administrators, in any suit or suits, which may be hereafter brought, for wrongfully suing out the said attachment, then the above obligation to be void, otherwise to remain in full force and effect.” The declared intention in the fourteenth section is to prevent error in carrying the eighth section into effect, and when considered with refererence to their operation, they are sufficiently compatible to stand together. Their operation may be illustrated by a supposed case. An attachment is an extraordinary remedy, and can only be had under certain peculiar circumstances. Suppose the party whp sued out the attachment is cast in the suit; if he has proceeded regularly, and it is to be presumed that such is the case, may it not be said with propriety, that the attachment was wrongfully sued out? What would be the judgment of the court? That the defendant recover his costs of course? How would these costs be recovered? By action on the bond. The costs may therefore with propriety be considered as a part of the damages which have accrued in consequence of wrongfully suing out the attachment, and in this light clearly covered by the condition of the bond as prescribed in the statute, in a suit on a bond taken under the eighth section. The costs would only be recovered as damages. The judgment would be precisely the same in both cases, to wit: That the party recover the debt in the declaration mentioned to be discharged by the payment of so much as might be assessed. The condition prescribed in the fourteenth section differs from the provisions of the eighth section in one particular, and it is this: besides securing all damages for wrongfully suing out the attachment, it secures to defendant in attachment his costs in the suit on the bond for damages. It not only covers every thing embraced in the eighth section, but gives an additional righl. This in itself furnishes a reason why the form should be followed.
The object of the legislature in giving a form must have been, to establish a safe and uniform mode of proceeding, and in giving a form we must suppose every thing included, which was intended to be required. If it was intended that the bond should be taken in conformity to the eighth section only, it was useless legislation *300 to give a form in a subsequent section. This is not to be presumed. It is manifest that the one is only in aid of the other to carry out more effectually its provisions. The eighth section requires in general terms that bond should be given, and as the law empowered every judge and justice to grant attachments, it was an easy matter to foresee that the bonds so taken would not only exhibit a want of uniformity, but that many of them would be wholly defective. To obviate these difficulties the form was given, and it was given expressly to prevent errors; it cannot therefore be error to follow it. The beginning words of the section indicate with certainty the reason which induced the legislature to be thus particular in the enactment, and it would be strange if it would be considered error, to adopt a form which was given to prevent error. As a general rule it is not only safe but necessary to follow statutory bonds.
Note. — This case was decided at a former term of this court, but omitted by mistake in the reported decisions of that term.