C. CHAMBLESS et al. v. JOHN W. VICK.

GUARDIAN AND WARD: GUARDIAN'S RIGHT TO SUE AFTER HIS DISCHARGE, ON A BILL SINGLE, PAYABLE TO HIM IN HIS TRUST CAPACITY.—*Prima facie*, the legal title to a bill single, payable to the obligee as guardian of a minor, remains in the obligee, notwithstanding his final discharge as guardian ; and hence, such discharge is no obstacle to his maintaining an action thereon, unless it be also shown that he has parted with his title, or that a payment to him would be no discharge to the obligor.

In error from the Circuit Court of Claiborne county. Hon. Stanhope Posey, judge.

*Geo. V. Moody*, for the plaintiffs in error.

*John B. Coleman*, for defendant in error, cited *Carter* v. *Saunders*, 2 How. Miss. R. 851 ; *Bonaffe* v. *Fenner*, 6 S. & M. 216.

FISHER, J., delivered the opinion of the court.

This was an action in the Circuit Court of Claiborne county,

founded upon a writing obligatory, payable to the plaintiff below, as guardian of Matilda V. McCray. The defendants pleaded that the plaintiff had ceased to be guardian, and if the money was due to any one, it was due to the said Matilda or her present guardian, without stating his name. The court below sustained a demurrer to this plea, and this presents the only important question to be decided.

If it were true that the plaintiff had ceased to be guardian, and the instrument had passed into the hands of another person as such guardian, the latter might unquestionably maintain an action in his own name, as his liability to account for the money would invest him with such title as would be necessary to enable him to perform his duty. But this is not the question presented in this case. It is not shown that the plaintiff has in any manner parted with his title to the instrument, or that the defendants cannot legally discharge themselves by payment to the plaintiff. *Prima facie*, the legal title is still in the plaintiff, and he can therefore maintain the action.

The other questions do not require notice.

Judgment affirmed.