NicholsoN, C. J.,
delivered the opinion of the court.
Cromwell & Sharp executed a note for $600, payable to W. W. Sharp, guardian of R. S. Sharp, the consideration being expressed on the face to be for a portion of the funds set apart by the chancery court for the maintenance of R. S. Sharp during his life.
W. W. Sharp died, and this note passed into the possession oc John Chitwood, executor of W. W. Sharp, . the guardian.
Suit was brought upon the note in the Circuit . Court of Franklin County, in the name of John Chit-wood, executor of W. W. Sharp.
The declaration was demurred to, on the ground that the note shows on its face that it is for a trust fund in which the plaintiff has no interest, and for which the executor of the deceased guardian is not entitled to sue.
The answer was sustained, and- the suit dismissed.
It appears upon the face of the note that it was given for trust funds held by W. W. Sharp as guardian of R. S. Sharp.
The legal title to the note was in W. W. Sharp, and he could have maintained suit in his own name even after his guardianship ceased; although the general rule is that the guardian must sue in the name of his ward. Chambers v. Vick, 34 Miss., 109; Fountain v. Anderson, 33 Geo., 372; King v. Seal, 45 Ala., 415; Thatcher v. Dunnivan, 5 Miss., 299.
But upon the death of W. W. Sharp the right of *660 action which he might have maintained in his lifetime passed to his executor.
It is said in Williams on Executors, p. 700, that ■ the general rule has been established from earliest times that the right of action on which the testator or intestate might have sued in his lifetime survives his death, and is transmitted to his executor or administrator.
To whom the funds when collected may belong, is a question into which a court of law has no right to inquire, nor was it a question which the payors of' the note could raise by way of defense. All they could be concerned about was in being acquitted and released upon payment of the note, or the judgment thereon: and the payment of either to the executor of the guardian would be such an acquittance and release to them.
We are therefore of opinion that the court erred in sustaining the demurrer and dismissing this suit.
The judgment is reversed, and the case remanded for trial.