A. H. LONGINO *v.* DELTA BANK ET AL.                     75  407
                                                         s76 396

GUARDIAN AND WARD.  *Guardian's right to sue.  Discharge.*

When the order accepting a guardian's resignation provides that he and his sureties be discharged upon payment and delivery to his successor, when appointed, of all money and effects of his ward in his hands, the guardian, until such payment and delivery, may reduce to judgment promissory notes belonging to the ward, and is entitled to have execution of such judgment.  *Chambless* v. *Vick,* 34 Miss., 109, cited.

FROM the circuit court of Leflore county.

HON. F. A. MONTGOMERY, Judge.

The opinion states the case.

*Williamson, Humphreys & Gwin,* for the appellant.

It cannot be contended that the guardian, who was plaintiff in execution, although competent to sue at the institution of the suit, was shorn of his right in the interim, and could not have judgment against the defendant, who was *prima facie* his debtor; and especially will this contention fail when the defendant in execution has had his day in court, and raised the identical issues that the appelle now raises, and said issues were decided

adversely to the defendant, and judgment final entered against him, from which he did not appeal. The plaintiff in execution had never made final settlement of his guardianship, and the judgment in his favor was neither void nor voidable, but was regular in every respect. If he was not guardian, or was not the real holder and owner of the notes sued on, the defendant in execution could have availed of the fact by plea in abatement. *Moore* v. *Knox*, 46 Miss., 602. See, also, *Chambless* v. *Vick*, 34 Miss., 109.

*Coleman & McClurg*, for the appellees.

The plaintiff in execution had resigned and been discharged as guardian before judgment, and the suit could not be proceeded with until revived in the name of his successor. Code 1892, secs. 669, 1919; *Bowen* v. *Bonner*, 45 Miss., 10. The Delta Bank, as a party in interest, had a right to interpose a motion to quash the execution levied on its property. *Harrington* v. *O'Reilly*, 9 Smed. & M., 216; *Harper* v. *Hill*, 35 Miss., 63. If the judgment was erroneous, it was the duty of the court to quash its process to prevent a wrong; and the circuit court, on appeal, had the same power as the mayor's court, in which the judgment was rendered, and did right to quash the execution on motion. *Kramer* v. *Holster*, 55 Miss., 243.

TERRAL, J., delivered the opinion of the court.

On the 7th day of January, 1897, A. H. Longino, guardian of Annie, Pink and Mabel Witty, brought a suit against G. E. Duggan, on ten several promissory notes, payable to A. H. Longino, guardian of said Annie, Pink and Mabel Witty, before E. L. Miller, mayor of Greenwood, and *ex officio* a justice of the peace of Leflore county, and on the 26th day of January, 1897, recovered a judgment thereon for $170.60.

On said judgment a *fieri facias* was issued on the 23d day of February, 1897, and levied upon seven bales of cotton as the

property of the defendant, which were claimed and bonded by
J. R. Bew.

On the 13th day of July, 1897, said court "amoved the levy,
discharged Bew from his bond, and taxed Longino with the
costs of the suit. The case being appealed to the circuit court,
the Delta Bank interposed its claim to the property, and was
allowed to defend the suit, and thereupon moved to quash the
execution in the cause. The motion was sustained, the execution
quashed, and Longino appeals to this court.

From the evidence introduced upon the motion, it appeared
that when the suit began, and for several years prior thereto,
A. H. Longino was the guardian of said minors, having been
duly appointed thereto by the chancery court of Montgomery
county, and having duly qualified therefor; that on the 21st
day of January, 1897, the resignation of said Longino as guard-
ian of Annie, Pink and Mabel Witty, was accepted by said
chancery court, and by a decree of said court, "it was ordered
that said guardian, and the sureties on said guardian's bond, be
relieved and fully discharged, upon payment and delivery by said
guardian to his successor, when appointed, all money, property,
and effects of said wards remaining in his hands, as shown by
his fifth and last account now on file in said cause;" that at
the January term, 1897, of the chancery court of Montgomery
county, C. R. Kelso was appointed and duly qualified as guard-
ian to said Annie, Pink and Mabel Witty, and that said Lon-
gino had not rendered to said chancery court any final account
of his guardianship of said minors.

Are the proceedings in the case void? We think not. By
the decree of the chancery court, Longino was to be discharged
from his office of guardian only upon the delivery of the effects
and moneys of said wards to Kelso, and until then he had the
rights of a suitor in court to enforce the collection of the notes
in his hands as guardian. Being bound to account for these
notes, and for all that might be made of them by diligence, it

is only common right that he should have standing in court, and a remedy upon them to enforce his own rights as· well as those of his wards. *Chambless* v. *Vick*, 34 Miss., 109.

We see no objection to allowing the bank to put in its claim to the property, but for the error of the court in quashing the execution, and giving judgment against the appellant—

*The judgment is reversed, and the case is remanded for a new trial.*