HENRY B. KELLOGG and another *vs.* SEWARD N. OLSON and others.

August 10, 1885.

**Chattel Mortgage to Partnership.**—A partnership may take security by way of mortgage, in the firm name, to secure a partnership debt.

**Chattel Mortgage—Legal Title and Right of Possession.**—In the case of a chattel mortgage the right of possession, following the legal title of the mortgaged property, vests in the mortgagee without foreclosure, unless otherwise stipulated, subject to the right of redemption.

**Action to Recover Possession of Personal Property—Demand** before **Suit.**—No demand need be made upon one who comes wrongfully into possession of personal property, previous to an action by the owner to recover the possession thereof. But a demand before action is necessary to be made upon one who purchases or receives such property in good

faith from a wrong-doer. The same rule applies to *bona fide* purchasers at public sales under process. A demand made upon an agent simply intrusted with property for safe-keeping is insufficient.

**Same—Demand Waived by Defence Pleaded.**—But when the defendant in his answer sets up a claim of ownership and consequent right of possession in himself, and demands a return of the property, and thereupon proceeds to trial upon the merits, he cannot afterwards object that no demand was made.

**Same.**—*It seems*, that such affirmative claim of ownership and demand for a return based thereon is sufficient evidence that a demand is not relied on, and would have been unavailing.

*Replevin.* Appeal by defendants from a judgment of the district court for Renville county, where the action was tried by M. O. Little, Esq., as referee.

*Arctander & Quale*, for appellants.

*Stringer & Seymour*, for respondents.

VANDERBURGH, J. Plaintiffs, who were partners, held a chattel mortgage upon a certain elevator, the ownership of which is in controversy in this action. The mortgage ran to them in their firm name, and was given to secure a partnership debt. Upon default of the mortgagors to make payment as therein provided, plaintiffs proceeded to foreclose, and bid in the mortgaged property. The foreclosure, however, was ineffectual to cut off the right of redemption by reason of irregularity in the proceedings. In the mean time, Brown & Spicer, the defendants, who are strangers to the title of the mortgagors, had purchased and obtained possession of the elevator under a delinquent tax sale, to satisfy certain taxes against the mortgagors, but which sale the court finds to be void, because there were no delinquent taxes due from them. The plaintiffs, after such attempted foreclosure, brought this action to recover the possession of the property in dispute, and claimed the immediate possession thereof, which was delivered to them by the sheriff, and which they have since continued to hold. The answer, after taking issue upon plaintiffs' title, proceeds affirmatively to allege and assert title and right of possession in the defendants Brown & Spicer, and demands a return of the property or its value. Subsequently Brown & Spicer interposed a supple-

mental answer in which they allege the value of the use of the elevator during the pendency of the action and while detained from them, for which they ask judgment for damages against the plaintiff.

The action was litigated and determined upon the merits under these issues involving the validity of the title of the respective parties to the property. The elevator was treated as personal property held by a title separate from that of the land on which it was built. After its purchase at the tax sale, the defendants Brown & Spicer put an agent in charge thereof to watch and take care of it. The plaintiffs, before suit brought, demanded possession of such agent, who refused to deliver the same, and notified them that he had no authority in the premises, and that he held it for Brown & Spicer.

1. As a partnership may purchase and hold personal property, there is no reason why it may not take security, by way of mortgage, upon the same to secure a partnership debt. *Tidd* v. *Rines*, 26 Minn. 201, is referred to as holding a contrary doctrine as to real estate mortgages; but while a distinction between the two classes of mortgages will readily suggest itself, there is nothing in that case warranting the inference that if it were alleged and shown who composed a partnership in whose name a mortgage was taken, it might not be enforced by the members of such partnership. And see *Chicago Lumber Co.* v. *Ashworth*, 26 Kan. 212; *Sherry* v. *Gilmore*, 58 Wis. 324, 332, 333. The legal title to the mortgaged property passed to the plaintiffs by the mortgage, and upon default they were entitled to the possession without foreclosure, unless otherwise stipulated, subject to the mortgagors' right of redemption. *Fletcher* v. *Neudeck*, 30 Minn. 125.

2. The demand upon the agent was, under the circumstances, unavailing. He had no general authority to act for defendants, and none to make a delivery of the property. He discharged his duty when he notified the plaintiffs of the character of his possession, and whom he represented, and upon whom, therefore, a demand should be made. *Mount* v. *Derick*, 5 Hill, 455.

3. The only remaining question, therefore, is whether plaintiffs' failure to demand possession of Brown & Spicer was fatal to their right to recover under the circumstances. From the finding of the

court it may be assumed that the seizure and delivery of the property to the defendants by the county treasurer under the alleged tax sale was wrongful. If the defendants were chargeable with notice of its wrongful delivery, then their reception and detention of the property would be wrongful, and no demand would be necessary. *Pringle* v. *Phillips*, 5 Sandf. 157. And the general rule is that when the original taking is wrongful, the burden rests on the purchaser to show how he came by the property, and that he acquired the possession in good faith. *Pierce* v. *Van Dyke*, 6 Hill, 613; 1 Wait, Pr. 718, and cases. This, however, may be inferred from the circumstances of the sale and transfer, and where a sale is colorable, and made under process regular on its face, in the usual course, for value, the good faith of the purchaser may be presumed. *Talmadge* v. *Scudder*, 38 Pa. St. 517; *Gillet* v. *Roberts*, 57 N. Y. 28.

In this case the circumstances of the sale do not appear; but, conceding that, as upon a sale by a public officer under process apparently regular, the defendants went into possession as *bona fide* purchasers, they were entitled to insist upon a demand to enable them to deliver the property without suit, because a party under such circumstances ought not to be put to costs unnecessarily. The issue of their right to such demand before suit was, however, entirely distinct from their claim of title to the property, and right to the possession, and for damages. The former issue might be merged in the latter; that is to say, in such case the defendant may waive the demand, or it may appear that such demand would be unavailing. A party may, after notice of plaintiff's claim, affirm the wrongful act of his vendor, or manifest a determination to stand upon the validity of his own title, otherwise than by the refusal of a formal demand. *Johnson* v. *Howe*, 2 Gilman, 342. And this sufficiently appears in this case, where the issue of their right to the property was tendered by the defendants, and contested, under a claim of superior title, to the end of the trial. I think they are therefore bound by the determination of this issue, and the court would not under such circumstances be justified in awarding them a return of the property, when it is found after a trial upon the merits that it does not belong to them. *Pierce* v. *Van Dyke*, 6 Hill, 613.

And the majority of the court are of the opinion that where a defendant sets up title to the property in his answer, and demands a return thereof, it thereby sufficiently appears from the pleading that a demand was not relied on and would have been unavailing, and none need be proved on the trial. Wells on Replevin, § 374; *Smith* v. *McLean*, 24 Iowa, 322; *Shoemaker* v. *Simpson*, 16 Kan. 43.

Judgment affirmed.