JOHN J. ELLINGBOE *vs.* EVEN S. BRAKKEN.

December 9, 1886.

**Evidence—Chattel Mortgage—Certified Copy.**—When a chattel mortgage is acknowledged, the certificate of acknowledgment entitles it to be read in evidence "in all courts of justice." Gen. St. 1878, c. 73, § 67. A copy of such mortgage, when certified by the proper town clerk to be a true copy of the original on file in his office, is receivable in evidence in like manner and with like effect as the original mortgage. Gen. St. c. 39, § 7.

**Chattel Mortgage—Validity—Who may Impeach.**—Where A. executes to B. a mortgage of personal property, C., not being a subsequent purchaser from or mortgagee of A., nor a creditor of A. who has laid hold of the mortgaged property by legal process, is not in position to object to the validity of the mortgage.

**Claim and Delivery—Complaint—Undivided Interest.** — Where property sought to be recovered in an action of claim and delivery is a certain undivided fractional part of a certain specified quantity of property, uniform in quality and value, and susceptible of a fair and equal division by count, measurement, or weight, (as, for instance, grain in bulk,) the description and proof of the property sought to be recovered, as such undivided fractional part of the specified quantity, is sufficiently specific.

**Pleading—Demand.**—*Kellogg* v. *Olson,* 34 Minn. 103, followed as to dispensing with proof of demand.

Plaintiff brought this action in the district court for Goodhue county, to recover the possession of one-fourth of certain wheat, oats,

and barley. The plaintiff claims under a chattel mortgage given by one Hermanson. The wheat in controversy was raised upon defendant's farm under an agreement between him and Hermanson that the latter should, for his services and work upon the farm, receive one-fourth of the wheat, oats, and barley raised. The answer admits the agreement and performance by Hermanson, but alleges that no part of the grain has been set off to Hermanson, and puts in issue the existence of plaintiff's mortgage, and alleges title in the defendant. Upon the trial, before *Crosby*, J., and a jury, the court admitted in evidence, against defendant's objection and exception, plaintiff's chattel mortgage (which was duly acknowledged) and a duly certified copy thereof, without proof of signature or execution. The court refused the defendant's request to charge that the jury should find for the defendant if they found (1) that the grain was raised under the agreement with Hermanson, or (2) that the grain was intermixed, and Hermanson's share had never been set apart. The court also refused to charge that it was necessary for the plaintiff to prove that the mortgage was executed in good faith and not for the purpose of defrauding creditors, and directed a verdict for plaintiff. Defendant appeals from an order refusing a new trial.

*J. C. McClure*, for appellant.

*Wm. Colvill*, for respondent.

BERRY, J.   1. When a chattel mortgage is acknowledged, the certificate of acknowledgment entitles it to be read in evidence "in all courts of justice." Gen. St. 1878, c. 73, § 67. A copy of such mortgage, when certified by the proper town clerk to be a true copy of the original on file in his office, is receivable in evidence in like manner and with like effect as the original mortgage, (Gen. St. 1878, c. 39, § 7;) that is to say, it is, under the statute first cited, entitled to be read in evidence "in all courts of justice."

2. Where A. executes to B. a mortgage of personal property, C., not being a subsequent purchaser from or mortgagee of A., nor a creditor of A. who has laid hold of the mortgaged property by legal process, is not in position to object to the validity of the mortgage. As respects C., such mortgage is conclusive in favor of B.'s right as mortgagee, and according to the terms of the mortgage, to the prop-

erty of A. purporting to be covered by it. See *Tolbert* v. *Horton*, 31 Minn. 518, (18 N. W. Rep. 647.)

3. An action of "claim and delivery" is one for the recovery of *specific* property, and hence, to maintain it, a right to *specific* property must be alleged and shown. But when, as in the case at bar, the property sought to be recovered is a certain undivided fractional part of a certain specified quantity of property, uniform in quality and value, and susceptible of a fair and equal division by count, measurement or weight, (as, for instance, grain in bulk,) the description and proof of the property sought to be recovered, as such undivided fractional part, is sufficiently specific. *Kaufmann* v. *Schilling*, 58 Mo. 218; *Sutherland* v. *Carter*, 52 Mich. 471, (17 N. W. Rep. 780, and 18 N. W. Rep. 223;) *Read* v. *Middleton*, 62 Iowa, 317, (17 N. W. Rep. 532;) *Stone* v. *Quaal, ante*, p. 46. Under such a description in his writ an officer may properly seize such part of the whole quantity as is equal to the undivided fractional part claimed. It may be added that in the case at bar, upon the pleadings and defendant's admission upon the trial, there seems to have been no serious controversy as to the right of plaintiff to the quantities of grain seized in this action, or their value, if he was entitled to his mortgagor's share.

With reference to the issue as to a demand, we think one was established by the testimony of the defendant himself; and, if there be any doubt about this, the ground upon which he plants himself in his answer, being an absolute denial of any right, title, or interest in the plaintiff or his mortgagor in or to any part of the grain in controversy, dispenses with proof of any demand. *Kellogg* v. *Olson*, 34 Minn. 103, (24 N. W. Rep. 364.)

Upon the admissions in the pleadings, and upon the trial, and the unquestioned testimony, (largely that of the defendant himself,) we see no error in the direction given to the jury to return a verdict for the plaintiff.

Order affirmed.