⋆ Otto Ormund *vs.* Marcus P. Hobart and another.

December 29, 1886.

Usury—Note—Bill. of Sale.—Under our statute, (Laws 1879, *c.* 66, § 3,) where a contract for an usurious loan of money is evidenced by a note secured by bill of sale, the *contract* as well as the note and bill of sale are *void*, and there is no valid indebtedness for the money loaned.

Plaintiff brought this action in the district court for Hennepin county, to recover damages for the alleged unlawful conversion by defendants of certain cattle. The answer denied the conversion, and

alleged that the plaintiff gave the defendants a bill of sale of the cattle as security for a loan, and afterwards delivered the cattle to them in payment. The reply denied the delivery of the cattle to the defendants, but admitted that the defendants had loaned the plaintiff $100, to secure the repayment of which the plaintiff had given the defendants a note, and alleged that the loan and the note were both usurious, the plaintiff being charged $6 per month as interest.

The action was tried before *Young,* J., and a jury, and plaintiff had a verdict. Defendants appeal from the judgment.

*Russell, Emery & Reed,* for appellants.

*C. A. Ebert* and *John H. Long,* for respondent.

BERRY, J. The *contract* between plaintiff and defendants was evidenced by the note and bill of sale. The *contract* was usurious, as well as the note by which it was evidenced, and *both* were therefore void *by statute,* as well as the bill of sale, which was only security for them. Laws 1879, *c.* 66, § 3. The *statute,* therefore, leaves no ground upon which to claim that there was a valid indebtedness for the money actually loaned, notwithstanding the usurious character of the note and of the whole transaction between the parties. The cases which hold that a pre-existing *valid* debt is not lost, although the amount of it is included in a usurious and void note, are not in point to the contrary.

It appears that the bill of sale covered certain cattle, and that, the note not having been paid when due, the cattle were put into the hands of one Thompson. The plaintiff insists, and the testimony adduced in his behalf went to show, that he did not consent to this, but that it was done against his objections. But the defendants claim, and their evidence tended to show, that the cattle were put into Thompson's hands with plaintiff's consent and co-operation, and upon an agreement that if, at the end of 10 days, the note or debt was not paid, they (defendants) might take them, together with other property covered by the bill of sale, in satisfaction and payment of the debt, as they insist they have done. Giving the defendants the utmost extent of this their claim, it does not make out a legal right on their part to take and appropriate the cattle. It does not show that the cattle were actually turned over to them in *payment* of

the usurious indebtedness, so as to pass title and property. They were, according to defendants' claim, put into Thompson's hands as continued security for 10 days. This was not turning them out in *payment*, so as to pass title. The agreement upon which they were put into Thompson's hands was itself void. It did not bind the plaintiff, for, at most, it was nothing more than an extension or continuance of the original usurious security. It gave the defendants no right to take the cattle, or to appropriate them to the payment of their claim; so that when they took them as they assumed to do, whether under the bill of sale or the agreement by which they were left with Thompson, they acquired no right to them, as against plaintiff. Their taking was therefore unauthorized and unlawful, and, in the absence of some assent of plaintiff beyond the agreement by which they were left with Thompson, there is no legal ground upon which to hold that they were turned out in payment of defendants' claim, so as to pass title.

The cattle having been wrongfully taken by defendants, no demand of them was necessary before bringing this action to recover their value; and, irrespective of this, the necessity of showing a demand would be dispensed with by defendants' claim (in their answer) of ownership of the cattle and consequent right to their possession. *Kellogg* v. *Olson*, 34 Minn. 103, (24 N. W. Rep. 364;) *Ellingboe* v. *Brakken, ante,* p. 156.

These conclusions dispose of the substance of this appeal. Several of the assignments of error are supported by no sufficient exceptions, and, though the trial court's view of the law applicable to the case was not altogether accurate, no substantial prejudice could have followed.

Judgment affirmed.