## W. A. PARR *vs.* L. JOHNSON and another.

### November 23, 1887.

**Contract Payable in Goods — Demand before Suit.**—Upon a contract for the payment of a certain sum in goods, the goods being deliverable upon demand, an action for a recovery in money cannot be maintained without an allegation and proof of a demand, or refusal to deliver the goods.

**Same — Failure to Allege Demand — Waiver of Defence.**—In such an action, in which no demand is averred, the defendant, alleging in defence fraud in the making of the contract, and demanding a rescission, does not thereby lose the right to avail himself of the fact that upon the plaintiff's case there is no right of recovery.

Appeal by defendants from an order of the municipal court of Minneapolis, refusing a new trial after a verdict for plaintiff.

*Merrick & Merrick,* for appellants.

*Kellogg & Thompson,* for respondent.

DICKINSON, J. The complaint is in the ordinary form for the recovery of an alleged unpaid balance of the agreed price of a horse which the plaintiff had sold to the defendants. The answer alleges that the unpaid balance was, by the terms of the contract, to be paid in furniture, and this is admitted by the reply. The answer also sets forth false and fraudulent representations made by the plaintiff as to the qualities of the horse, upon which the defendants relied, and that they had tendered and demanded a rescission of the sale. They demand judgment for so much of the price of the horse as they have paid to the plaintiff.

Upon the issues of fact the evidence was conflicting, and the verdict of the jury is fairly justified by it. The only serious question presented by the appeal is whether, there having been no demand upon the defendants for the delivery of the furniture, a recovery can be had in money for the unpaid balance of the price of the horse. Such a recovery cannot be had, under the admitted terms of the contract, unless the defence is to be deemed to have been made upon grounds wholly inconsistent with the theory that a demand might

have been complied with, so that it is quite apparent that a demand would have been refused. See *Kellogg* v. *Olson*, 34 Minn. 103, (24 N. W. Rep. 364.)

We are unable to say that the course of the defendants in this cause does clearly show that they abandoned any right to avail themselves, in defence, of the fact that they had not been called upon to deliver the furniture, nor does it certainly appear that if a demand had been made they would not have complied with it. They were not required to affirmatively indicate by their answer that they should avail themselves of their legal rights in this respect. They need not allege that there had been no demand. Under the contract, as admitted by their reply, it was an essential element in the plaintiff's cause of action, which should have been averred in the complaint, that a demand had been made, and compliance with it refused. The nature of the defence pleaded in the answer and supported by evidence, the fraud, and the demand that the contract be rescinded, may well induce in our minds the belief that a demand would not have been complied with; but we are hardly justified in presuming that such would have been the case, and in denying to the defendants, upon that ground, the benefit of the fact that, upon the case as alleged in the complaint and shown at the trial, the plaintiff was not entitled to a recovery. No affirmative act or averment on the part of the defendants was necessary to make this available to them. The affirmative defence set up by them, and to which their evidence was directed, was not inconsistent with the claim now made. Whether or not they should succeed in defeating the action by proof of the fraud, it was open to them to claim that, upon the case as presented in the pleadings and by the evidence, there was no right of recovery.

Because there was no averment or proof of a demand for the furniture, the verdict cannot stand, and the order refusing a new trial must be reversed.