MARY DAVENPORT *vs.* W. B. LADD.

June 15, 1888.

**Principal and Agent—Contract—Pleading.**—The insufficiency of a pleading to show a contract with the adverse party pointed out; the contract appearing only to have been made with a stranger.

**Pleading—Limitations of General Denial.**—A general denial, in an answer, of all allegations not expressly admitted or qualified, *held* inapplicable to a subject as to which specific answer is made.

**Money Had and Received—Waiver of Demand.**—The failure to have demanded the payment of money belonging to the plaintiff, *held* not to defeat an action for its recovery, when the defence is placed wholly upon an asserted right of property in the defendant inconsistent with any right in the plaintiff.

Appeal by defendant from a judgment of the municipal court of St. Paul.

*Matts & Vernon,* for appellant.

v.38m—35

*John W. Willis*, for respondent.

DICKINSON, J.   This action is for the recovery of money alleged to have been collected by the defendant for the plaintiff, under an employment for that purpose.   The complaint sets forth specifically the several sums alleged to have been collected by the defendant, amounting to $135.60, and alleges the refusal of the defendant to pay over the same, excepting the sum of $25 paid, and that he had converted the remainder to his own use.   The answer commences with a general denial of the allegations of the complaint "not hereinafter expressly admitted or qualified."   It then specifically admits that the defendant had collected several sums, (not specified,) aggregating "an amount to exceed the sum of $45."   The defendant further avers that he received the plaintiff's account for collection from one Huebner, and that the latter "stated" to him that he (Huebner) had received it from the plaintiff for collection, with the agreement that he was to receive all that he could collect in excess of $45; that the defendant agreed with Huebner to undertake the collection, with the express understanding that the plaintiff should receive $45 only. He avers his willingness to pay to plaintiff $20, in addition to the $25 previously paid.   The court rendered judgment for the plaintiff on the pleadings, and the defendant appealed.

The allegations, as made, relative to the transaction and agreement with Huebner, are insufficient to oppose the plaintiff's alleged right of recovery.   It is not alleged that Huebner was an agent of the plaintiff, or that he had any authority to act or contract in her behalf.   What he "stated" to the defendant cannot be accepted in place of an averment of the facts constituting a defence.   The specific averments as to the amounts collected will be taken, rather than the general denial, as the defendant's answer to the allegations of the complaint upon that subject.   We so construe the pleading, from the qualified terms of the general denial, in connection with the fact that elsewhere a specific and more particular answer is made as to the amount collected, which is there admitted to have exceeded the sum of $45.   Treating this as the defendant's answer upon that subject, it did not deny the allegations of the complaint in this particular.

It is said that judgment should not have been rendered without a

trial, because a demand was not admitted. In this respect the case is within the principle of several decisions of this court, holding a demand unnecessary to the maintaining of an action where the party upon whom a demand is claimed to have been necessary asserts in the action a claim or right, in respect to the subject of the controversy, so inconsistent with that of the adverse party that it is to be presumed that a demand would have been unavailing. *Kellogg* v. *Olson*, 34 Minn. 103, (24 N. W. Rep. 364;) *Huntsman* v. *Fish*, 36 Minn. 148, (30 N. W. Rep. 455;) *Ellingboe* v. *Brakken*, 36 Minn. 156, (30 N. W. Rep. 659;) *Ormund* v. *Hobart*, 36 Minn. 306, 308, (31 N. W. Rep. 213.) The defendant asserts a right to retain as his own the whole sum collected in excess of $45, and declares his willingness to pay only the sum of $20.

Judgment affirmed.