SAMUEL D. GREENWOOD *vs*. FREDERICK W. HOYT.

August 6, 1889.

Contract for Exchange of Land—Excuse for Non-Performance.—Upon an agreement for an exchange of lands, the defendant, having accepted and retained a conveyance (with covenant against incumbrances) of the plaintiff's land, and having paid certain taxes charged thereon, has no right to withhold the delivery of a conveyance of his land to the plaintiff, merely upon the ground that he has not been reimbursed for such taxes paid.

Same—Undischarged Incumbrances.—Neither does the existence of incumbrances upon the plaintiff's land, undischarged, justify the defendant's refusal to convey.

Same—Refusal to Convey—Damages.—Upon such refusal to convey the plaintiff may recover the value of the lands which defendant was to have conveyed.

'Same—Insufficient Demand—Waiver.—Notwithstanding the insufficiency
of the plaintiff's demand for a conveyance, he may recover, it being ap-
parent that the default of the defendant rests upon grounds which would
have made a demand useless.

Appeal by defendant from an order of the district court for Good-
hue county, *McCluer*, J., presiding, refusing a new trial.

*Hoyt & Michael*, for appellant.

*W. C. Williston*, for respondent.

DICKINSON, J. These parties entered into an agreement that, in
consideration of the conveyance of certain land by the plaintiff, which
conveyance was in fact made, the defendant should convey to the
plaintiff 160 acres of land owned by the defendant. The plaintiff
avers that the estimated and agreed value of the land to be conveyed
by the defendant was $1,600. The answer of the defendant admits
that it was $800, but no more. This action is prosecuted for the re-
covery of the agreed value of that land, the defendant having re-
fused to make the conveyance. The jury returned a verdict for the
plaintiff for $1,083.33. The court, considering that upon the case
presented the verdict, if for the plaintiff, should have been either for
$1,600 and interest, or $800 and interest, required the plaintiff to
remit all above $800, with interest, as a condition without which a
new trial was to be allowed. The plaintiff accepted the condition,
and the defendant appeals from the refusal to grant a new trial.

The defence rests principally upon an alleged agreement that the
defendant should withhold the conveyance of this land until the plain-
tiff should repay to him the sum of $143, which at the time of the
conveyance by the plaintiff was charged upon his land as taxes, and
which the defendant furnished the money to pay off. This, as we
think, was put in issue by the reply; but, whether it was or was
not, the parties voluntarily litigated that question as an issue in
the case, and it is now too late to claim that the reply was insuf-
ficient to raise an issue as to such an agreement. The evidence was
conflicting, and the verdict of the jury must be regarded as settling
that issue in favor of the plaintiff. In the absence of an agree-
ment that the defendant might withhold his conveyance until he
should be repaid, he had no right to do so. Granting that an in-

debtedness was created in favor of the defendant from the payment of the taxes by him, that would not affect his obligation to convey. Neither did the fact that the land conveyed by the plaintiff may have been incumbered by judgment liens, and so the plaintiff's covenant against incumbrances broken, relieve the defendant from the obligation of conveying to the plaintiff, the defendant having accepted the conveyance of the plaintiff's land, and still retaining it. The defendant's refusal to convey not being justified, the plaintiff was entitled to recover the value of the land agreed to be conveyed. No counterclaim is asserted.

The defendant cannot be sustained in the point that this action cannot be maintained because no demand had been previously made for the conveyance of the particular lands which, as the defendant contends, were the lands agreed to be conveyed. The defendant shows by his own testimony that he prepared a deed of the land, which, according to his contention, was the subject of the agreement, but that he refused to deliver it until the plaintiff should refund the sum paid by him for taxes. It is entirely clear from the case made by him that his non-conveyance has not been from any defect in the plaintiff's demand, but that he would not give the deed until his claim for taxes paid should be satisfied. Therefore, although the demand may have been defective, the defendant stands in the position of refusing to convey, and the plaintiff should recover. See *Davenport* v. *Ladd*, 38 Minn. 545, (38 N. W. Rep. 622,) and cases cited.

As to the amount of the recovery, there can be no doubt that the plaintiff was entitled to recover $800 at least, and interest, if he was entitled to recover at all; and that depended upon the determination of the single issue as to the agreement for withholding the conveyance until the defendant's claim should be satisfied. That having been decided by the jury in favor of the plaintiff, the defendant was not prejudiced by the refusal to grant a new trial, a *remittitur* having been filed of all in excess of the $800 and interest. There was no error in the manner of presenting the case to the jury by the court, which was substantially in accordance with the views above expressed.

Order affirmed.