ANDREW JENSEN and others *vs.* JOSEPH R. WEIDE and another, impleaded, etc.

November 19, 1889.

**Vendor and Purchaser—Default of Vendor—Recovery of Price Paid by Purchaser.**—Case considered as justifying a recovery of a part of the purchase price of land paid by the plaintiffs to one acting as an agent of the defendants in making the agreement for the sale.

**Same—Contract not Legally Executed.**—The defendants being unable to perform the agreement, it is immaterial whether or not the contract was legally executed.

**Same—Demand before Suit.**—The want of a proper demand should not defeat the action, when it is apparent that a demand would have been unavailing.

Appeal by defendants Weide and Gardner S. Moore from an order of the district court for Ramsey county, *Kelly,* J., presiding, refusing a new trial after verdict of $797.35 for plaintiffs.

*C. D. & Thos. D. O'Brien,* for appellants.

*John D. O'Brien,* for respondents.

DICKINSON, J.[1] This is an action to recover a part of the purchase price of land paid by the plaintiffs Jensen and Wilson to one Wall, of the copartnership of Wall & Armstrong, who are alleged to have been the agents of the defendants in making the contract for the sale. The defendants Moore and Weide, against whom a verdict was rendered, appeal from an order refusing a new trial.

The land to which the contract of sale relates was described as a certain block in Hawley & Moore's addition to Ashland, Wis. The defendants deny the agency of Wall & Armstrong, and claim never

---

[1] Collins, J., took no part in this case.

to have had any interest in the property in question.   It seems, from the evidence, that the money paid by plaintiffs to Wall was by him paid, less his commission for making the sale, to Hawley, and it appears that these appellants never received any part of it.   It is assigned as error that the court allowed parol proof of the agency of Wall & Armstrong.   Assuming what counsel seem to concede,—that the contract could not be supported by proof of the agency by parol, although we are not prepared to admit that, for the contract was made in Wisconsin, and related to land in that state, and our statute would be of no effect,—still there was no error in receiving such proof in this case.   For the purposes of this action it was immaterial whether the contract of sale was valid. or invalid.   The plaintiffs' right of recovery does not depend upon the validity of that contract. It is enough if the defendants, or any person held out by them as having authority to do so, have received the plaintiffs' money as the price of land to be conveyed to them, and that the conveyance has not been, and cannot be, made.   While the complaint alleges the making of a contract, it is not necessary, to support a recovery, that the agreement shall have been valid.   The facts alleged are sufficient to entitle the plaintiffs to recover as for money had and received.

There was sufficient evidence in the case to justify its submission to the jury to find whether the defendants Moore and Weide had assumed to authorize Wall & Armstrong to sell this land, or had ratified Wall's acts done in their behalf.   There was testimony on the part of the plaintiffs, the credibility of which was for the jury, to the effect that they indicated to Wall their purpose to list some property, to be called "Hawley & Moore's Addition," with them for sale; that they would bring or send the man who was "running" the property; that one of them came to Wall with Hawley, and gave him a list of this property, Hawley fixing the price for which it was to be sold; that, after the making of the agreement with plaintiffs, Wall told Moore and Weide that he had sold the land, and they said that they had already learned so from Hawley; that while Moore and Weide now claim that they never had anything to do with this addition, and had no interest in it, they, with Hawley, listed other property in the so-called addition for sale with other agents; that Moore and Weide

participated with Hawley in selecting a name for this addition; that Moore acknowledged himself as the "Moore" designated in the name given to the addition, and that Weide acknowledged that he had an interest in it; that, after the alleged sale to plaintiffs, Weide declared to one of the plaintiffs that he had an interest with Hawley and Moore in the property, and would see that the purchasers got an abstract, and that the title was clear; and that Weide gave a warranty deed of conveyance of another part of this "addition" in performance of a contract of sale made by Hawley. While some of the evidence to which we have thus referred is not very material, we consider that upon the whole case this issue was properly submitted to the jury, and their verdict should not be disturbed. There was no error in the charge of the court. In view of the nature of the defence, the action should not fail because no demand had been made prior to the commencement of the action. *Davenport* v. *Ladd,* 38 Minn. 545, (38 N. W. Rep. 622,) and cases cited.

Order affirmed.