### M. GUTHRIE *vs.* OLE T. OLSON.

#### October 28, 1890.

**Replevin—Demand before Suit, when Unnecessary.**—In actions of replevin, a demand for the property before suit is not necessary where the defendant's possession was acquired wrongfully, or where, although it was rightful in its inception, he has subsequently wrongfully converted the property to his own use, or where in his answer he claims a right to it in himself, and demands its return.

**Same—Proof of Wrongful Detention.**—Proof of a wrongful taking, or of a wrongful conversion, will support a complaint for a wrongful detention, without proof of demand before suit.

Action brought in justice's court to recover possession of 200 bushels of barley, of the value of $60, with $20 damages for its detention, and removed to the district court for Mower county, by appeal on questions of law and fact, and there tried before *Farmer*, J., who ordered a dismissal at the close of plaintiff's case.    The plaintiff appeals from an order refusing a new trial.

*French & Wright*, for appellant.

*E. B. Crane*, for respondent.

MITCHELL, J.    This was an action of replevin, brought in justice's court and appealed to the district court upon questions of both law and fact.    When the plaintiff rested, the court, on motion of defend-

ant, dismissed the action, on the ground that the plaintiff had failed to prove a demand for the property before the commencement of the suit, for the reason, as we infer from the evidence, that the demand proved, although made before the writ was served or executed, was made after it was issued. Without deciding this question, (upon which there is some conflict of authority,) we think the action was, for other reasons, improperly dismissed: *First.* In his answer the defendant denied plaintiff's right to the property, and demanded a return of it. *Second.* The evidence tended to show that, although defendant's possession was rightful in its inception, yet he had subsequently wrongfully converted it to his own use. Error is not unfrequently fallen into upon this question of demand before suit by not keeping in mind the object of a demand, and the underlying principle upon which it is required in certain cases. The main object of a demand is to afford the defendant an opportunity to restore the property to the rightful owner without being put to the expense and annoyance of litigation, and the principle of the rule is that it should be made in all cases where presumably the person in possession would surrender the property at once on request. When his possession was rightfully acquired, the law presumes, in the absence of facts rebutting the presumption, that he would at once deliver the property on demand to the rightful owner; and this presumption is so strong that the law will not permit him to be sued until he has had an opportunity of doing so. But where the defendant's possession was acquired wrongfully, or where, although it was rightful in its inception, he has subsequently wrongfully converted it to his own use, which is equivalent to an original wrongful taking, the law presumes that he remains in the same state of mind in which he committed the wrongful taking or wrongful conversion, and hence would not have surrendered the property even if a demand had been made. And where the defendant in his answer sets up a claim to the property, and demands a return of it, this claim is inconsistent with the hypothesis that he would have surrendered it on demand. Therefore in none of these cases is a demand necessary. This is the principle upon which all the decisions of this court have proceeded, although perhaps we have never heretofore made so general a statement of it.

*Kellogg* v. *Olson,* 34 Minn. 103, (24 N. W. Rep. 364;) *Huntsman* v. *Fish,* 36 Minn. 148, (30 N. W. Rep. 455;) *Ellingboe* v. *Brakken,* 36 Minn. 156, (30 N. W. Rep. 659;) *Ormund* v. *Hobart,* 36 Minn. 306, (31 N. W. Rep. 213;) *Davenport* v. *Ladd,* 38 Minn. 545, (38 N. W. Rep. 622;) *Greenwood* v. *Hoyt,* 41 Minn. 381, (43 N. W. Rep. 8.)

It is immaterial that the complaint alleges merely a wrongful detention, for it is well settled that proof of a wrongful taking will support a complaint for wrongful detention without proof of a demand before suit.

Order reversed.