### OTTO GAS ENGINE WORKS v. MOORE.

(Supreme Court, Appellate Division, Second Department.    June 29, 1910.)

1. SALES (§ 345*)—AGREEMENT TO PAY IN SPECIFIC ARTICLES—RIGHT TO RE-
   COVER MONEY—DEMAND.
   Where one as payment for an article agrees, in addition to paying money, to return an engine, demand for the engine must be made before the obligation to return the engine can be turned into one for payment of its value.
   [Ed. Note.—For other cases, see Sales, Dec. Dig. § 345.*]

2. SALES (§ 347*)—ACTION FOR PRICE—DEFENSES.
   Defendant in an action for price of an engine and pump jack to be paid for when they were in successful operation, is entitled to show that they were not set up, as required by the contract, so as to operate a well.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 962–972; Dec. Dig. § 347.*]

Cross-Appeal from Trial Term, Suffolk County.

Action by the Otto Gas Engine Works against Michael E. Moore. From the judgment, both parties appeal. Reversed, and new trial ordered.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

J. Woolsey Shepard and Woolsey A. Shepard, for plaintiff.
Rowland Miles, for defendant.

JENKS, J. The contract between the parties required the defendant to pay $200 in cash and to return an engine owned by him when the engine furnished by the plaintiff "was in successful operation." This action is brought to recover the $200 and $125, the value of the engine to be returned. The court that tried the action without a jury gave judgment for the $200, but dismissed the complaint so far as it related to the engine to be returned. It found that the value of the engine to be returned was $125. Each party appeals, the plaintiff in that the judgment does not include the said $125, and the defendant from the judgment. The court upon request of the defendant found that the complaint did not allege a demand for the return of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

engine or a wrongful and unlawful detention thereof, or a refusal to return after demand, "and proved no refusal after demand." The plaintiff did not sue to recover the engine, but the money value thereof. Under the rule in this state, a demand for the engine was essential before the obligation to return the engine could be converted into that for the payment of money. Publishing Co. v. Steamship Co., 148 N. Y. 39, 42 N. E. 514. See, too, American and English Encyclopedia of Law (2d Ed.) vol. 9, p. 201; Weil v. Tyler, 38 Mo. 545; Parr v. Johnson, 37 Minn. 457, 35 N. W. 176. In Weil v. Tyler, supra, the court say:

"Where a party has agreed or obligated himself to pay in specific articles, he cannot be charged or proceeded against as for a money debt till demand is made, and there is a refusal or neglect on his part to perform the contract; for until then he is in no default, and he has a right to insist on the terms of his agreement. And, on obvious principles, courts have no right to interfere with the contracts between parties, and to make one party pay money when by the terms of his contract he has agreed to pay, and the other party has agreed to receive, something else. As long as a party is ready and willing to comply with his contract, he is entitled to stand by it, and it is only when he has been guilty of a breach that he is chargeable in a different manner."

The question of demand does not arise upon the recovery of the chattel, but upon the attitude of the plaintiff, in that he seeks to convert the obligation of the defendant to discharge his contract in part by a chattel to the payment of the money value thereof.

But we think that the judgment must be reversed, in view of our judgment in Moore v. Otto Gas Engine Works, 136 App. Div. 713, 121 N. Y. Supp. 631. That action, brought by this defendant against this plaintiff, was for negligence of the defendant in the installation of the pumping system of which this engine was a part. We held that the construction of the contract was that the engine and pump jack should be set up so as to "operate that well." In the case at bar, the court excluded evidence to show that this was not done, and refused to find that the contract so intended.

The judgment is reversed and a new trial is ordered, costs to abide the event. All concur.