## IN RE GUARDIANSHIP OF MICHAEL HARTY.
## W. E. GALLOWAY, APPELLANT.[1]

May 5, 1933.

No. 29,350.

*Leach & Leach,* for appellant.
*Morgan, Nichols & Peterson,* for J. R. Harty, respondent.

*HILTON, Justice.*

W. E. Galloway, who was on June 6, 1917, appointed guardian of the estate and person of Michael Harty, incompetent, appealed from a judgment disallowing claimed compensation for services.

Following a petition filed with the probate court for his removal as such guardian, that court issued a citation requiring Galloway to file his final account as guardian and to show cause why he should not be removed as such. After a hearing thereon the probate court found that Galloway had mismanaged the estate and in several instances had misapplied funds thereof amounting to $7,847.79, and ordered that he be removed as guardian and that he turn over to his successor property and cash amounting to $19,894.19, together with interest on the moneys misapplied.

The misapplication was of funds received from the sale of a farm belonging to the ward. In his final account a claim was made by Galloway for $800 as compensation for selling such farm. As to this claim the probate court found:

[1]Reported in 248 N. W. 329.

"If it were not for the mismanagement and misapplication of the funds by the guardian, the sum of $800 would be reasonable compensation to the guardian for making the said sale; but by reason of the said mismanagement and misapplication of the funds, said compensation should be allowed conditionally and not otherwise; that a reasonable condition is that the guardian pay and turn over all the property and cash with which he is charged by this order within sixty (60) days of the date of this order; otherwise the said compensation of $800 to be disallowed."

An appeal was taken to the district court, where a trial was had de novo. That court made findings similar to those made by the probate court relative to Galloway's mismanagement and misapplication of the funds of his ward. The sufficiency of the evidence to sustain these findings is not questioned. As to the guardian's claim for $800 as compensation for the sale of the ward's farm, the district court made the following finding:

"That due to mismanagement of said estate said guardian should not be allowed additional compensation for the sale of the farm of said ward described in the order from which this appeal is taken and as set forth in the guardian's account * * *."

That finding settles this case. The judgment appealed from was a proper one. In re Estate of Marchildon, 188 Minn. 38, 246 N. W. 676, 677. That case involved an executor who made a charge in his final account for services and who was found guilty of wilful default, misconduct, and gross negligence. It was therein stated [188 Minn. 41]:

"Under such circumstances a representative is not entitled to compensation. Reason for compensation is to repay one for time, labor, and the responsibility involved and to award him for the fidelity with which he discharges his trust. * * * If the representative is unfaithful to his trust, as here, and fails in his fidelity, as here, he forfeits the right to compensation. * * * Compensation is due to him who serves, not to him who destroys."

A guardian of an incompetent is charged with the same moral and legal duties and the same responsibilities as an executor. The guardian here failed in fulfilling his trust; he was not entitled to the compensation claimed.

The district court included in its findings the following:

"That the order of the probate court of said county granting the claim of said guardian for $800 commission and compensation for the sale of said farm conditioned upon full settlement of the guardian's account within sixty (60) days from July 11, 1931, the date of entry of the order removing said guardian, and settling and adjusting his final account, is a reasonable condition, and I find that payment was not made within the time fixed in said order and that said condition is not now of any force or effect."

This finding was not necessary. Whether right or wrong, it did not affect the situation. Whether or not the 60-day time limit had expired is not of importance.

Judgment affirmed.