## W. E. GALLOWAY v. SECURITY STATE BANK OF ELLENDALE AND OTHERS.[1]

December 21, 1934.

No. 30,018.

*Leach & Leach,* for appellant.
*Meighen, Knudson & Sturtz,* for respondents.

STONE, JUSTICE.

After an adverse decision, plaintiff appeals from the judgment.

In January, 1916, plaintiff became guardian of the person and estate of Michael Harty, incompetent. April 23, 1932, judgment was entered in the district court of Freeborn county affirming an order of the probate court removing Mr. Galloway as guardian. See In re Guardianship of Harty, 189 Minn. 66, 248 N. W. 329. This action had been commenced before the removal. In the meantime the ward had died. But the trial had not been completed, and the fact of removal was duly presented to the trial court under a supplemental answer. The purpose of the action is to

[1]Reported in 258 N. W. 10.

impress a trust for plaintiff's benefit upon a $3,000 fund paid to defendant Security State Bank of Ellendale.

Plaintiff having been discharged as guardian, it is difficult to see how he has any right to continue the action. But no motion for a substitution of the administrator of the ward's estate was made below. Plaintiff relies upon the rule of Huntsman v. Fish, 36 Minn. 148, 30 N. W. 455. (See also 28 C. J. 1249.) In that case, some but not all of the minor wards of the plaintiff guardian had reached their majority. It was held, notwithstanding, that the guardian might maintain the action to recover money which had been collected by the defendant for him. That by no means reaches this case. There the guardian had not been discharged. But assuming, without deciding, that plaintiff had the right to continue the action, determinative facts show that he has no cause of action against these defendants or any of them.

The $3,000 item in question has this history. March 20, 1929, that sum was paid to plaintiff as the property of his ward. The payment was made to him by a check to himself without indication that it had anything to do with the guardianship. He forthwith deposited it to the credit of his personal checking account with defendant bank and immediately drew a check against that account in favor of the bank in the sum of $4,296.86. This check absorbed the $3,000 of guardianship moneys and additional funds procured from another source. The check to the bank was in payment for certain bills receivable which Mr. Galloway bought from the bank because they were under criticism by the bank examiner. Galloway took them over in order to avoid further question and possibly a stock assessment, pursuant to agreement between himself and some or all of the other individual defendants, representing the bank. All concerned, except Galloway, supposed that he was using his own money for the purpose. No participant in the transaction, Galloway alone excepted, had any reason to suspect otherwise. The thesis for plaintiff is that he now has a right to follow the fund, because it was in fact the property of his ward, and have a trust impressed upon it in the hands of defendant bank.

Obviously, as between plaintiff on the one hand and defendants on the other, the former was the only wrongdoer. He simply embezzled $3,000 of his ward's property and used it for a purpose personal to himself, without knowledge on the part of any defendant that he was doing so. He attempts to escape the resulting *impasse* on the theory that his knowledge was the knowledge of the bank. (Galloway was cashier and a director of the bank.) However that might be, if it were clear that the action were prosecuted on behalf of and for the benefit of the ward's estate, we need not determine. There is no right to recover upon any theory unless for the benefit and use of the estate of the ward, the ward himself being dead. Plaintiff and his sureties are primarily liable for the loss, if any, resulting from his embezzlement. There is no showing that he is insolvent, or that, if he were, his sureties are also execution-proof.

Assuming that plaintiff has the right to sue, there is no showing that recovery is necessary to protect the interests of the ward's estate. Without such proof, it is too plain for more than mere mention that plaintiff has no equity whatsoever as against the defendants; and that as between him and them they are wholly innocent and therefore should not be subjected to judgment in his favor. If there were showing that the primary liability against plaintiff as guardian and his sureties had not been made good and was worthless and we had the representative of the ward's estate before us, another question might perhaps be presented. Plaintiff's case is barren of anything upon which to base judgment in his favor on account of his own wrongdoing and against parties innocent of guilty participation therein.

Judgment affirmed.