MAURICE AUERBACH and others *vs.* JOEL M. GLOYD and others, Executors.

February 17, 1886.

**Probate Court—Appeal from Order Disallowing Claim—Time for Appeal.**—An appeal from an order of the probate judge, allowing or disallowing a claim against the estate of a decedent, formerly allowable by commissioners, is governed by the provisions of chapter 53, and not of chapter 49, Gen. St. 1878. Hence it must be taken within 60 days after the entry of the order in the register required by section 21 of chapter 53. The 60 days begins to run, not from the date of actual notice of the order, but from the date of its entry in the register.

On August 27, 1881, the probate court of Mower county made an order disallowing a claim which plaintiffs had filed against the estate of Warren H. Dean, deceased. The plaintiffs did not have notice of this order till September 1, 1881. On October 29, 1881, plaintiffs took and perfected an appeal to the district court, where defendants' motion to dismiss was denied by *Farmer*, J. Thereafter issues were framed, and the venue was changed to Ramsey county, where the action was tried before *Wilkin*, J., and a jury, and plaintiffs had a verdict. Defendants appeal from an order refusing a new trial.

*H. J. Horn*, for appellants.

*Warner, Stevens & Lawrence*, for respondents.

MITCHELL, J. The first question which arises in this case is whether plaintiffs' appeal from the probate court to the district court was taken within the time allowed by statute. The appeal was from an order disallowing an absolute or fixed claim against the estate of decedent. Plaintiffs' contention is that the time for appeal is governed by Gen. St. 1878, *c.* 49, § 15, which provides that the appeal therein provided for shall be taken within 60 days after notice of the order, which they prove was received September 1, 1881. Defendants contend that it is governed by Gen. St. 1878, *c.* 53, § 24, which requires the appeal to be taken within 60 days after the return of the report or decision of the commissioners,—now, after the entry of the order of the probate judge, which, under the amendments of 1870 and 1879, takes the place of such report.

It will be observed that we have two modes of appeal under our probate system: One under chapter 49, regulating appeals from certain orders or judgments of the probate court; the other from the decision or report of the commissioners allowing or disallowing a claim against the estate, provable before them. The two modes were different, both in form and substance. Under chapter 49, the time to appeal only began to run after notice of the order or judgment. Under chapter 53, the time ran from the date of the return of the report or decision. Under the former, the party appealing was required to give a recognizance to prosecute the appeal with "due diligence," and pay "all costs." Under the latter, he was required to give a bond to prosecute his appeal "with effect," and pay "all damages and costs." Un-

der the former, the right of appeal was limited to "a party aggrieved who appeared and moved for or opposed the order or judgment appealed from, or who, being entitled to be heard thereon, had not due notice or opportunity to be heard." Gen. St. 1878, c. 49, § 14. See, also, *In re Hause*, 32 Minn. 155. Under chapter 53, the right of appeal from the decision of commissioners was given to any executor, administrator, or *creditor*, (section 24;) and if the executor or administrator declined to appeal, then to any person interested in the estate as creditor, devisee, legatee, or heir, upon giving a bond as well to secure the estate from damages and costs as to secure the intervening damages and costs to the adverse party. Section 31. It is therefore evident that whatever the words "debt" or "claim," as used in the fourth subdivision of section 13, chapter 49, may refer to, (possibly contingent claims; see chapter 53, § 49, and *McKeen* v. *Waldron*, 25 Minn. 466,) prior to 1870, at least, an appeal from the decision or report of commissioners upon a claim proper to be allowed by them was governed exclusively by the provisions of chapter 53. This would be so, even if the general terms of chapter 49 were broad enough to include such an appeal; for, according to a familiar rule of statutory construction, where a general intention is expressed, and afterwards an inconsistent particular intention, the latter will be taken as an exception to the former; and chapters 49 and 53 of our code on the subject of probate proceedings are to be construed as a single statute.

It remains then to be determined what change, if any, has been made by the acts of 1870 and 1879. This will require an examination of the original statute in connection with these amendments. By chapter 53, as it was originally, when letters testamentary or of administration were granted, the probate judge had to appoint commissioners to receive, examine, and adjust all claims and demands against the deceased. He also fixed by order the time to be allowed for the presentation of claims, which, in the first instance, could not be more than 18 nor less than 6 months. The commissioners were then required, within 60 days after their appointment, to give notice of the times and places of their meeting, and of the time limited for the presentation of claims. *At the expiration of the time limited for the presentation of claims,* or as soon thereafter as the hearing of

claims presented was completed, they were required to make a report of their doings to the probate court, embracing lists of the claims presented or exhibited in offset, and stating how much was allowed and how much was disallowed, together with the final balance, whether in favor of the creditor or the estate. An appeal from their decision or report, as already stated, had to be taken within 60 days after its return. It is apparent why the time for appeal was made to run from the date of the return of the report, and not from the time of actual notice thereof to the party appealing. No notice of the return of the report was required to be given to any one. The right of appeal from the report was so general—to creditors, legatees, devisees, and heirs—that it would be inconvenient, if not impracticable, to do so. But the rights of these parties were sufficiently protected, for the report was not to be filed until the expiration of the time allowed for the presentation of claims as previously fixed by order of the court, of which all parties had notice. After the expiration of that period they were bound to take notice of the fact that this report was liable to be returned at any time, and they were given 60 days in which to ascertain the fact, and determine whether they desired to appeal. Such was the law up to 1870.

By chapter 65, Laws 1870, (Gen. St. 1878, c. 53, §§ 20–23,) it was provided that the duties conferred on commissioners by chapter 53 should be performed by the judge of probate in all cases when the estate did not exceed in value $5,000. At the time for appointing commissioners, as provided in that chapter, he was required to enter an order fixing a time and place when and where he would hear and examine claims against the estate, and the time allowed for creditors to present their claims, and the manner in which notice should be given to creditors, precisely as was done under the commissioner system, except that the administrator or executor, instead of the commissioners, gave the notice. The judge of probate was also required to keep a book called a register, in which he was to register all claims filed with him; and, *when he had completed the hearing of all claims presented to him,* he was to enter in this register an order embracing everything required in the report of the commissioners, *"and such order may be appealed from the same as from the report of com-*

*missioners.*" Subsequently chapter 69, Laws 1879, was enacted, which merely provides "that the duties conferred upon the commissioners by chapter 53, of the General Statutes, shall be performed by the judge of probate."

It seems to us obvious that the sole purpose and effect of the act of 1870 was to transfer the duties of commissioners to the probate judge in cases of estates not exceeding in value $5,000, and to make his report, called an "order," entered in this register, take the place of the report or decision of the commissioners, leaving the mode of procedure in all other respects, including the mode and time of appealing, to be governed by the provisions of chapter 53, as before. And it seems to us equally clear that the sole purpose and effect of the act of 1879 was to repeal the limitation (as to value) contained in the act of 1870, and that it is to be construed as being in effect merely an amendment to the latter act, by striking out the words "where the estate does not exceed in value the sum of five thousand dollars." The act of 1879 does not, in terms, repeal that of 1870, except as to the $5,000 limitation. Neither does it repeal it by implication. It was evidently intended that the system of auditing claims prescribed by that act should continue, as no other was provided. There is nothing in either act indicating an intent to change the mode or time of appealing. There was no reason for any change; for the so-called "order" of the probate judge is, in substance and form, practically the same as the report or decision of the commissioners, and like it was not to be made or entered until the expiration of the time allowed for the presentation of claims, as previously fixed by order of the court.

Our conclusion, therefore, is that an appeal from the order of the probate judge allowing or disallowing a claim must be taken within 60 days from the entry in the registry of the order provided for in Gen. St. 1878, *c.* 53, § 21. This construction was implied and assumed in what was said by this court in *State* v. *Probate Court of Hennepin Co.*, 28 Minn. 381.

In the case at bar the order disallowing the claim was made August 27, and the appeal taken October 29, 1881, more than 60 days afterwards. The original return in this case did not affirmatively show when the order was entered in the register, or whether the time al-

lowed for the presentation of claims had then expired. The presumption would be that the probate judge had done his duty and complied with the statute, and we would have been justified in acting upon this presumption. But not desiring to do so, if the facts did not exist, we called for an additional return, from which it appears that the time allowed for presenting claims expired June 6, 1881, and that the order of the probate judge, in due form, was made and entered in the proper register August 27, 1881. The order does not state the manner of giving notice to claimants. If the provision of section 11 as to the report of commissioners is applicable to the order now required by section 21, the omission is, at most, an irregularity which does not affect the time within which an appeal must be taken, if notice was in fact given in accordance with the order of the court, which was done in this case. It follows that the appeal was not taken in time, and hence that the district court acquired no jurisdiction.

To repeat what was said in *McKeen* v. *Waldron, supra,* this case, as does almost every case coming here upon the same statutes, shows the urgent need for a thorough revision of the statutes regulating the settlement of the estates of deceased persons. They are so complicated, obscure, and confusing that it is not surprising that the ablest and most careful of counsel are often misled, and it may be a matter of regret that the plaintiffs are deprived of a trial of this case in the district court upon the merits. But any other disposition of the case would, in our opinion, not only be in conflict with a proper construction of the statute, but would inaugurate an unfortunate practice, which would make the time of appealing from the allowance or disallowance of claims indefinite and practically without limitation.

The order appealed from is reversed, and the cause remanded to the district court, with directions to dismiss the appeal.