F. H. LAKE *vs.* PETER ALBERT, Administrator.

November 23, 1887.

**Appeal from Probate Court—Application—Notice.**—Under the statute authorizing any executor, administrator, or creditor of an estate to appeal from the allowance or disallowance in the probate court of claims against the estate, a *notice* of appeal served and filed is effectual as an "application" for an appeal.

**Same—Trial without Pleadings in District Court.**—The trial of such an appeal in the district court without pleadings is an irregularity merely, not jurisdictional.

**Action on Contract made for Benefit of Third Person.** — One with whom or in whose name a contract is made for the benefit of another may prosecute an action thereon in his own name.

**Same—Appeal from Probate Court.**—The payee of a note given for the benefit of another is a "creditor," within the meaning of the statute allowing appeals from the probate court.

Peter Albert was appointed administrator of the estate of Ole Emerson Volof, deceased, by the probate court of Otter Tail county. F. H. Lake filed a claim against the estate, which was disallowed by the probate court. Thereupon Lake made, served, and filed in the probate court a notice of appeal to the district court. The appeal was heard in that court before *Baxter*, J., without a jury, no pleadings having been made as required by Gen. St. 1878, *c.* 53, § 27, and judgment was directed in favor of Lake. The administrator appeals from an order refusing a new trial.

The claim consisted of a note made by the deceased in the usual form to the order of Lake, and which did not show upon its face that any other person had any interest in it, and the appeal to the district court and all proceedings were conducted in the name of Lake. It appeared upon the evidence, however, and the court found, that the note belonged to one Rutherford, and was purchased by Lake with the money of Rutherford, and that Rutherford is and always has been the real owner of the note, but Lake has held the same as his agent.

*E. E. Corliss,* for appellant.

*Chas. L. Lewis,* for respondent.

DICKINSON, J.    1. The right of appeal to the district court from the order of the probate court disallowing the plaintiff's claim was regulated by section 24 and the following sections, of chapter 53, Gen. St. 1878.    *Auerbach* v. *Gloyd,* 34 Minn. 500, (27 N. W. Rep. 193.) This section specifies, as a means of effecting an appeal, the filing in the probate court of an "application for such appeal."    In view of the fact that the party seeking to appeal had a right to do so, which the court could not refuse, it is considered that a *notice* of appeal, served and filed, was all that was required by the language or purpose of the statute.    The statute does not contemplate any other action by the probate court, upon the "application" of an executor, administrator, or creditor, than the allowance of the same as a matter of course, and the certifying of the record to the appellate court.

2. The trial and determination of the claim in the district court, without pleadings having been made up as prescribed by statute, was a mere irregularity not going to the jurisdiction of the court.

This respondent was authorized by the statute to prosecute the claim in district court in his own name.    The note in question was made to him, but in reality for the benefit of another, who was his principal.    This was within the exception of the statute as to real parties in interest.    "A person with whom or in whose name a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section."    Gen. St. 1878, *c.* 66, § 28.

3. The payee of the note was a "creditor" of the estate, within the meaning of that term as affecting the statutory right of appeal.

4. The evidence justified the findings of the court as to the nature of the transaction, and that the same was not usurious.

Order affirmed.