JOHN McLEAN v. GEORGE F. DEAN.[1]

December 7, 1896.

Nos. 10,156—(136).

Action by Guardian—Real Party in Interest.

A guardian may sue in his own name on a note payable to himself, although the consideration paid for it was funds of his ward, and the note was taken or purchased by him for the benefit of the ward.

Appeal by defendant from an order of the municipal court of Minneapolis, Kerr, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $250.44. Affirmed.

[1] Reported in 69 N. W. 140.

66 M.—24

*Henry M. Farnam*, for appellant.

*Fryberger & Johanson* and *Child & Fryberger*, for respondent.

MITCHELL, J.    The action was brought on two promissory notes: executed by the defendant to one McGregor, and by the latter transferred to the plaintiff by the following indorsement, to wit: "Pay to the order of John McLean." The execution of the notes by defendant was admitted. The only evidence introduced or offered on the trial was the notes and indorsements. In response to a defense attempted to be set up in defendant's answer, to the effect that the plaintiff, individually, was not the real party in interest, but held the notes in some representative capacity, the plaintiff, in his reply, admitted that the consideration which he paid for the notes belonged to the estate of certain minors, of whom he was guardian. On this state of the pleadings and evidence, the court correctly directed a verdict for the plaintiff.

The action being upon an express contract made by the guardian himself, it might be brought by him personally, although he may have made the contract for the benefit of his wards. This was the law, independently of any statute. 9 Am. & Eng. Enc. Law, 111, and cases; cited. The same rule still obtains under the second clause of section 5158, G. S. 1894. Lake v. Albert, 37 Minn. 453, 35 N. W. 177; Cremer v. Wimmer, 40 Minn. 511, 42 N. W. 467; Murphin v. Scovell, 44 Minn. 530, 47 N. W. 256. See, also, Huntsman v. Fish, 36 Minn. 148, 30 N. W. 455.

Order affirmed.