MURDOCK STUART v. SOPHIA STUART.[1]

November 9, 1897.

Nos. 10,790—(197).

**Appeal from Probate Court—Disallowance of Claim—Sufficiency of Complaint.**

*Held*, that a complaint made in district court upon an appeal from an order disallowing a claim filed in probate court against the estate of a deceased person sufficiently conformed to the claim as filed.

Appeal by plaintiff from an order of the district court for Hubbard county, Holland, J., striking out a complaint because not conforming to the claim as filed in the probate court. Reversed.

*B. F. Wright* and *Coppernoll & Willson*, for appellant.

A variance between the claim as filed in the probate court and as alleged in the complaint in the appeal to the district court is immaterial, unless it is shown that the respondent is prejudiced or surprised thereby. 28 Am. & Eng. Enc. Law, 53, 54; McGregor v. Fuller, 72 Iowa, 143; Place v. Minster, 65 N. Y. 89; Catlin v. Gunter, 11 N. Y. 368; Sussdorff v. Schmidt, 55 N. Y. 319; Blackman v. Wheaton, 13 Minn. 299 (326); Reddick v. Keesling, 129 Ind. 128; City v. Seben, 62 Ill. App. 248. A variance as to a date merely, unless that be the gist of the action, is immaterial and ought to be disregarded. Johnson v. Clark, 30 Minn. 308; Catlin v. Gunter, supra; Erickson v. Schuster, 44 Minn. 441; G. S. 1894, §§ 5262, 5263; Warden v. Nolan,

---

[1] Reported in 72 N. W. 819.

10 Ind. App. 334; Field v. Brokaw, 148 Ill. 654; St. Louis v. Winkelman, 47 Ill. App. 276; Robbins v. Diggins, 78 Iowa, 521; Thomas v. Jameson, 77 Cal. 91; Roberts v. Hawkins, 70 Mich. 566; Merkle v. Township, 68 Mich. 133; Pope v. Allis, 115 U. S. 363; Carson v. Raisback, 3 Wash. Tr. 168; Texas v. Virginia, (Tex.) 7 S. W. 341; Hudson v. Hudson (Ga.) 16 S. E. 349; Devlin v. Boyd, 69 Hun, 328; 28 Am. & Eng. Enc. Law, 55; Beach v. Tooker, 10 How. Pr. 297; U. S. v. LeBaron, 4 Wall. 642; Banta v. Martin, 38 Oh. St. 534. The complaint states facts sufficient to constitute a cause of action. Hunt v. Amidon, 4 Hill, 345; Barnes v. Mott, 64 N. Y. 397; Wadsworth v. Lyon, 93 N. Y. 201, 207; Mauri v. Heffernan, 13 Johns. 58; Appleton v. Bascom, 3 Metc. (Mass.) 169; Mowry v. Adams, 14 Mass. 327; Babcock v. Hubbard, 2 Conn. 536; Hayes v. Ward, 4 Johns. Ch. 123; Elsworth v. Lockwood, 42 N. Y. 89, 96; Cuyler v. Ensworth, 6 Paige, Ch. 32; Eddy v. Traver, 6 Paige, Ch. 521; Young v. Vough, 23 N. J. Eq. 325; McArthur v. Martin, 23 Minn. 74; Conner v. Howe, 35 Minn. 518; Torp v. Gulseth, 37 Minn. 135; In re Coster, 2 Johns. Ch. 503; Silver Lake v. North, 4 Johns. Ch. 370; Hamilton v. Dobbs, 19 N. J. Eq. 227; Young v. Williams, 17 Conn. 393; Lucking v. Wesson, 25 Mich. 443; Bush v. Wadsworth, 60 Mich. 255.

*A. G. Broker, L. W. Bills* and *F. A. Vanderpoel*, for respondent.

The object of an appeal is a determination by the appellate court of the matter presented below. In re Campau, 48 Mich. 236; Kroll v. Ten Eyck, 48 Mich. 230; In re Moore, 52 Mich. 112; Patrick v. Howard, 47 Mich. 40; Fuller v. Schroeder, 20 Neb. 631. As claims of this nature must be filed in the probate court, which has solely original jurisdiction, the rule contended for should be strictly observed. Patrick v. Howard, supra. The proper practice is to move to strike out the complaint where it varies from the issue in the inferior court. Fuller v. Schroeder, supra; O'Leary v. Iskey, 12 Neb. 136; Union v. Ogilvy, 18 Neb. 638. This is not a variance but a departure. Place v. Minster, 65 N. Y. 89.

COLLINS, J.

The plaintiff herein presented for allowance in the probate court a claim amounting to $780 against the estate of Alexander D. Stuart, deceased, and upon its disallowance appealed. In the dis-

trict court and upon its direction, as provided in G. S. 1894, § 4673, plaintiff made his written complaint, whereupon, on motion of the attorneys for the defendant executrix, the same was stricken out for the reason, as stated in the order, that it did not conform to the claim filed in probate court. From this order plaintiff appeals.

The claim, as presented in probate court, consisted of three items,—two for interest, and the third for principal paid upon a mortgage upon real estate executed and delivered prior to June 10, 1893, by the deceased and his wife, to the Union Insurance Company, upon a tract of land which it was claimed they had subsequently, and for a valuable consideration, sold and, by a deed containing full covenants of warranty, conveyed to plaintiff. In fact, the claim as presented and disallowed was based upon an alleged breach of a covenant against incumbrances said to have been contained in the deed of conveyance wherein the deceased and his wife were grantors, and the plaintiff grantee.

The complaint, however, did not exactly coincide with the claim made in probate court, for from its allegations it appeared that the warranty deed in question was acknowledged and delivered June 10, 1893, while the mortgage mentioned in the claim filed in the probate court was in fact executed and delivered February 10, and filed for record February 22, 1894, more than six months after the mortgagors therein named had conveyed the land to plaintiff. But it was also alleged that at the time of the execution and delivery of the warranty deed wherein the deceased and his wife were grantors and plaintiff was grantee there was an existing and subsisting lien upon the land, namely, a mortgage for the sum of $800, executed and delivered to one Henry D. Sizer by persons from whom deceased had purchased the land in question, which mortgage and the debt thereby secured the deceased had assumed and had agreed to pay when he purchased; that the Sizer mortgage was of record, and the debt thereby secured was unpaid, when the deed to plaintiff was executed and delivered; and that the deed was not filed for record until November 23, 1895. It was also alleged that on April 4, 1894, the deceased caused the Sizer mortgage to be satisfied by payment of the debt, which payment was in part made with money received from the insurance company by and through the mortgage to it

mentioned in the claim as originally filed, and that the plaintiff was compelled to pay the debt to prevent a foreclosure of the mortgage.

It will be seen from these allegations that, after the warranty deed in which the plaintiff was grantee was executed and delivered to him, the deceased borrowed money from the insurance company with which he satisfied the Sizer mortgage. To secure the borrowed money he executed a mortgage for $650 on plaintiff's land, the record title of which still stood in the name of the deceased, and this mortgage was placed on record before plaintiff's deed. It was the debt incurred by the deceased, and secured by a mortgage on plaintiff's land, which he had to pay to prevent a foreclosure; and it is the amount of this payment which he attempted to have allowed in probate court as a claim against the estate; and it is the same amount for which he demanded judgment in his complaint in district court.

In the probate court, where there are no pleadings and where the presentation of claims against estates is quite informal, he did not accurately state the facts upon which he was obliged to rely. He there depended upon a breach of the covenant against incumbrances contained in his deed, but the incumbrance described and relied upon was not in existence when his deed was executed and delivered. He failed to mention an incumbrance which was in existence, and a breach of the covenant found in the deed, but which had been satisfied by means of and through an act of the deceased, by his placing another incumbrance upon a tract of land already sold and conveyed. The specific matter to which the appeal related was the recovery of money which plaintiff had been compelled to expend on account of an apparently unauthorized act, and there were no allegations in the complaint except such as were essential to this specific matter. We are of opinion that the complaint sufficiently conformed to the claim as originally filed.

Order reversed.

CANTY, J.

I concur. Section 4673, G. S. 1894, provides:

"In all cases of appeal from the allowance or disallowance of a claim against the estate, the district court shall on or before the

second day of the term direct pleadings to be made up as in civil actions, but no allegations shall be permitted except such as are essential to the specific matter to which the appeal relates."

While the language here used is somewhat restrictive, it is not intended by it to restrict the claimant to the technical type and cause of action which he presented to the probate court. He must, however, present the same matter or transaction. The appeal will not support a claim growing out of an entirely new and different matter or transaction. In this case the creditor presented to the probate court only a part of the matter or transaction out of which his claim grew, and even that part was in some respects misstated. Under the order to plead, he was entitled to state the whole of that matter or transaction.