FREDERICK K. DAY *vs.* OLD COLONY TRUST COMPANY.

Suffolk. March 7, 1917. — September 24, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Conservator. Contract,* Implied in law. *Practice, Civil,* Admission of truth of facts set forth in a pleading. *Pleading, Civil,* Answer. *Estoppel. Bank.*

Description by CARROLL, J., of the relation of a conservator appointed under R. L. c. 145, §§ 40, 41, as amended by St. 1910, c. 95, to the property of his ward.

If a conservator makes a deposit in a bank in his own name as conservator for his ward, the bank is accountable to him and not to his ward for the amount of the deposit.

A conservator, after the death of his ward, has a right to retain the possession or custody of the property of the ward in his hands until his account has been passed upon by the Probate Court, and, until the amounts due to him for services and expenses have been determined by that court, he may hold possession of the property against the executor of the will of his deceased ward.

Under a statement, in a report of a case by the presiding judge, that "At the trial the allegations and facts set forth in the answer of the defendant were admitted to be true," the plaintiff is not bound by a mere conclusion of law alleged in the answer.

In an action of contract, where the plaintiff has admitted at the trial that "the allegations and facts set forth in the answer of the defendant" are true, and the answer contains a statement which may be either a conclusion of law or a statement of fact and which, if it is a statement of fact, is of doubtful meaning and the decision of the case depends upon its meaning, the presiding judge should not order a verdict for the defendant, but should leave to the jury the question of fact that is doubtful upon the statement in the answer, if, as in the present case, there is evidence for the plaintiff upon that issue.

In an action for money had and received brought by a conservator against

trust company, with which, as alleged, he had deposited the money in his own name as conservator for his ward, it appeared that the ward of the plaintiff had died and that the defendant had paid the amount of the deposit to the executor of her will without the knowledge or consent of the plaintiff. The judge allowed the defendant to introduce in evidence, subject to the plaintiff's exception, a petition of the executor for a partial distribution of the estate of the plaintiff's ward, in which the plaintiff had joined and in which the estate was represented as including the amount of the deposit with the defendant. The defendant contended that the plaintiff was estopped by this proceeding, to which he was a party, from claiming the fund deposited by him as conservator, but no such defence of estoppel was set up in the answer. It was *held* that the defence of such an estoppel, not being set up in the answer, was not open to the defendant, but it was *said*, that, if the defence had been open under the pleadings, it could not prevail, because the plaintiff by joining in the former proceeding had not lost his right to claim the deposit if it stood in his own name and the contract of the defendant was made with him and not with his deceased ward.

CONTRACT to recover $18,254.84 alleged to have been had and received by the defendant to the plaintiff's use, being the amount of a deposit alleged to have been held by the defendant for and subject to the order of the plaintiff and to have been paid by the defendant without the consent of the plaintiff to the executor of the will of Anna W. Meeker. Writ dated June 3, 1915.

The second paragraph of the defendant's answer was as follows:

"2. And further answering the defendant says that on April 23, 1906, Mary E. Allen, attorney for Anna W. Meeker, a resident of Newton in the county of Middlesex in the said Commonwealth, opened a checking account so called in the banking department of the defendant trust company; that on the ninth day of October, 1906, Frederick K. Day, the plaintiff in this action, duly filed with the defendant his appointment as conservator of the estate of said Anna W. Meeker under a decree of the Probate Court for the county of Middlesex, dated September twenty-seventh, 1906; that subsequently deposits were made by the plaintiff as conservator, as aforesaid, to the credit of said account of Anna W. Meeker; that the defendant thereafter held said property and all subsequent deposits made to the credit of said account as the property of said Meeker, but subject to the control of the plaintiff and the court during the lifetime of said Meeker, provided said Day should so long be conservator of said estate; that said Anna W. Meeker died on the thirtieth day of June, 1913; that said Anna W. Meeker

left a last will and by a decree of the Probate Court of the county of Middlesex dated September ninth, 1913, said will was duly proved and allowed and John L. Nichols of Boston in the county of Suffolk, in this Commonwealth, the executor therein named, was appointed and duly qualified as executor thereof, which decree is now in full force and effect; that on the twentieth day of October, 1913, the amount of money held by the defendant as the property of said Meeker amounted to $18,254.84; that on said day said John L. Nichols, the duly qualified executor of the last will of the said Anna W. Meeker, presented and filed with the defendant duly authenticated copies of his appointment as executor of the last will of said Anna W. Meeker and subsequently it paid to said Nichols as executor as aforesaid the entire amount due from it to the estate of said Anna W. Meeker."

In the Superior Court the case was tried before *Brown*, J. The report of the judge stated that "At the trial the allegations and facts set forth in the answer of the defendant were admitted to be true."

The plaintiff further introduced evidence that the money in question stood on the books of the trust company "Frederick K. Day, Conservator for Anna W. Meeker," that the payment of the money by the trust company to the executor of the will of Anna W. Meeker was made without the knowledge or consent of the plaintiff, and that after such payment the trust company notified the plaintiff that the account in question had been closed.

The defendant introduced in evidence a petition for partial distribution and the final decree thereon in the Probate Court of the county of Middlesex in the settlement of the estate of Anna W. Meeker, to which petition the plaintiff was a party. This petition alleged that the petitioner had in his hands as executor more than $18,000 in cash. The petition and decree were admitted in evidence subject to the objection and exception of the plaintiff.

This was all the evidence in the case.

The judge ordered a verdict for the defendant, and at the request of the plaintiff reported the case for determination by this court.

If the ruling was right, the verdict was to stand; otherwise, such entry was to be made as the court should order.

*H. M. Channing & J. P. Jackson, Jr.,* for the plaintiff.

*S. M. Child,* for the defendant.

CARROLL, J.   When the plaintiff was appointed conservator of Anna W. Meeker, she (Meeker) had a checking account, so called, with the defendant.   Subsequently deposits were made by the plaintiff as such conservator to the credit of the account.   There was evidence that before the death of the ward, June 30, 1913, and at the time of her death, the account stood on the defendant's books, "Frederick K. Day, Conservator for Anna W. Meeker." The executor of the will of Anna W. Meeker filed with the defendant a copy of his appointment and the defendant paid him, without the knowledge or consent of the plaintiff, the entire deposit, amounting to $18,254.84.   This action is to recover that sum.   In the Superior Court a verdict was ordered for the defendant.   The case is before us on a report.

The provisions of law relative to the management of the property of an insane person by a guardian apply to a conservator, R. L. c. 145, § 41, and he is to give such bond as is required of the guardian.   St. 1910, § 95.   The title to property purchased with a ward's money ordinarily is in the ward's name.   The conservator has the care and management of it but does not own it; and the ward must be a party in all actions which concern the title.   *Lombard* v. *Morse,* 155 Mass. 136.   *Taylor* v. *Lovering,* 171 Mass. 303. *Brock* v. *Rogers,* 184 Mass. 545.   But where a contract is made with the conservator in his own name, he binds himself but does not bind the ward or her estate; and when the title to property is in him personally, the right to recover it is in the conservator and such action must be brought in his name.   *Rollins* v. *Marsh,* 128 Mass. 116.   *Brewster* v. *Seeger,* 173 Mass. 281, 282.   *McLean* v. *Dean,* 66 Minn. 369.   *Chapman* v. *Goodrich,* 55 Vt. 354.   *McKinney* v. *Jones,* 55 Wis. 39.   *Jolliffe* v. *Higgins,* 6 Munf. 3.   *Thomas* v. *Bennett,* 56 Barb. 197.   *Slaymaker* v. *Farmers' National Bank of Lancaster,* 103 Penn. St. 616.

Although the particular funds when deposited became the property of the defendant trust company, *Laighton* v. *Brookline Trust Co.* 225 Mass. 458, if they were not deposited to the ward's credit but were in the name of "Frederick K. Day, Conservator for Anna W. Meeker," the defendant became indebted to the plaintiff.   Under these circumstances it agreed to hold the funds sub-

ject to his order and to pay on his demand; the title was in him, not in Anna W. Meeker, and on the defendant's refusal he could bring an action to recover the amount of the deposit. *City National Bank* v. *Charles Baker Co.* 180 Mass. 40. See *Rollins* v. *Marsh, supra; Carr* v. *Leahy,* 217 Mass. 438; *Boone* v. *Citizens' Savings Bank,* 84 N. Y. 83.

While the death of the ward ended the authority of the conservator, *Loring* v. *Alline,* 9 Cush. 68, the title to the deposit, if it stood in his name, belonged to the plaintiff; he was a creditor of the defendant and continued so after the ward's death. The defendant could not legally deprive him of the money or pay it to another without his consent. If during the lifetime of Anna W. Meeker he could bring an action in his own name to recover the · credit, the termination of the relation of conservator and ward did not deprive him of this right. In *Brewster* v. *Seeger, supra,* a note and mortgage of real estate were given to one Perry, "as he is guardian" of Elsie S. Adams, a minor. After she became of age and married, Perry assigned the mortgage. It was held that the assignment was valid; that as the legal title was in Perry he could transfer it, and the coming of age of the ward had no effect on it. *McLean* v. *Dean, supra. Zachary* v. *Gregory,* 32 Texas, 452. *Chambless* v. *Vick,* 34 Miss. 109. *Huntsman* v. *Fish,* 36 Minn. 148.

There is no suggestion in the record that the funds have been diverted, and depositing them in the name of the plaintiff as conservator of the ward instead of in the ward's name does not amount to a conversion of the money. *Brown* v. *Dunham,* 11 Gray, 42. *Tarbell* v. *Jewett,* 129 Mass. 457. *Peabody* v. *North,* 161 Mass. 525, 528.

It is not necessary in this case to decide whether the executor or the conservator of the ward is entitled to a deposit standing in her name but under the control of the conservator and subject to his withdrawal during her lifetime before the adjustment of his accounts in the Probate Court. His authority terminated by the ward's death; his only duty was to settle his accounts in the Probate Court and pay what remained to the executor. Even where the conservator has merely the possession or custody of the ward's property, he has the right to have his accounts settled and the amount due to or from him determined in the Probate Court before he can be called upon to pay the balance in his hands, if

any, to the executor. He may pay the necessary expenses and retain the sum allowed by the court as compensation for his services, but these amounts are to be determined upon the allowance of his accounts in the Probate Court, and, until these proceedings are taken, the conservator holds possession of the property and is not liable to be sued at common law by the ward or her executor. *McLean* v. *Curran*, 133 Mass. 531. *Murray* v. *Wood*, 144 Mass. 195. *Wilson* v. *Boylston National Bank*, 170 Mass. 9. *Green* v. *Gaskill*, 175 Mass. 265, 269. *Moyer* v. *Bray*, 227 Mass. 303, and cases cited.

The report of the judge of the Superior Court states: "At the trial the allegations and facts set forth in the answer of the defendant were admitted to be true." The answer contains the statement, "that the defendant thereafter held said property and all subsequent deposits made to the credit of said account as the property of said Meeker, but subject to the control of the plaintiff and the court during the lifetime of said Meeker, provided said Day should so long be conservator of said estate." The exact meaning of this statement in the answer is not clear. Its exact significance need not be determined because at a new trial the facts may be stated or found in plainer form. If it is a mere conclusion of law the plaintiff is not bound by it because of his agreement that the facts set forth in the answer were true. Even if it is a statement of fact, the ruling given was wrong because, notwithstanding the plaintiff's admission, in view of the evidence, it was for the jury to say whether the contract was made with the plaintiff and the deposit stood in his name.

Against the objection of the plaintiff the defendant introduced a petition for partial distribution of the estate of Anna W. Meeker, including the money deposited with the defendant, to which petition the plaintiff was a party. This question was not raised by the answer and was inadmissible. *Friedenwald Co.* v. *Warren*, 195 Mass. 432, 434. *Gilson* v. *Nesson*, 208 Mass. 368, 370.

The defendant contends that the plaintiff is estopped from now claiming the fund because he was a party to the petition for distribution brought by the executor. Even if the question were open under the pleadings, the plaintiff's rights against the defendant are not lost because of this proceeding. *Jennings* v. *Wall*, 217 Mass. 278, 281. *Deans* v. *Eldredge*, 217 Mass. 583.

As there was evidence that the account stood in the name of "Frederick K. Day, Conservator for Anna W. Meeker," there was a question for the jury, and it was error to direct a verdict for the defendant.

It follows that there must be a new trial: and it is

*So ordered.*