IN RE ESTATE OF MARION W. SAVAGE, DECEASED.

WILLIAM P. MASON v. ERLE B. SAVAGE.[1]

January 3, 1919.

No. 21,068.

**Pleading — departure.**

> Upon an appeal to the district court, from an order disallowing a claim filed in the probate court against the estate of a deceased person, appellant served a proposed complaint in the district court. Same considered and *held* to constitute a departure from the claim as filed, and therefore properly stricken out.

From an order of the probate court for Hennepin county, Dahl, J., disallowing the claim of William P. Mason against the estate of Marion W. Savage, deceased, for $16,400 and interest, the claimant appealed to the district court for that county. In the district court the claimant filed his complaint. The motion of Erle B. Savage, as administrator of the estate, for an order striking the complaint from the files and records of the court and determining that the complaint had no legal effect was granted, Jelley, J., on the ground that the cause of action set forth in the complaint was wholly different, separate and distinct from the claim as filed in the probate court. From the order striking the complaint from the files, William P. Mason appealed. Affirmed.

*H. E. Fryberger,* for appellant.

*M. H. Boutelle* and *A. M. Higgins,* for respondent.

QUINN, J.

This is an appeal from an order of the district court of Hennepin county striking out a complaint served by appellant upon an appeal from an order of the probate court disallowing a claim filed against the estate of Marion W. Savage, deceased.

On July 16, 1907, appellant, William P. Mason, was a director, the secretary and general manager of the Minneapolis, Rochester & Dubuque

[1]Reported in 170 N. W. 585.

Traction Company, and Savage was the president thereof. On that day appellant entered into a written contract with the company, whereby he was to resign from such offices and enter the employ of the company as solicitor and salesman of its capital stock for the period of one year, with the option in the company to continue such period of employment for another year, for which the company was to pay him a salary of $500 per month. To insure the performance of such contract on his part, appellant transferred all of the stock which he owned in such company to the said Marion W. Savage in trust, together with a proxy to vote the same. At the same time and in connection with the contract referred to, Savage entered into an agreement with appellant, whereby he personally guaranteed to appellant the payment of the compensation provided for under the contract of employment above referred to. The traction company paid appellant his salary pursuant to agreement up to and including the month of October, 1909, and thereafter it paid to him the sum of $300 per month up to and including the month of June, 1916. Savage died in July, 1916, and in January, 1917, appellant filed a verified claim in due form against the estate of deceased for the amount of $200 per month from October 9, 1909, to July, 1916, and in the verification thereof stated: "That said indebtedness arose and was incurred on account of a certain guaranty contained in a contract dated July 16, 1907." At the hearing upon claims the probate court made an order disallowing the claim and the whole thereof, from which order claimant appealed to the district court. Subsequent to such appeal, and on March 6, 1918, appellant caused to be served upon counsel for respondent, without any direction from the court, a proposed claim setting forth a statement of his claim or cause of action against the respondent's estate in the district court. The respondent thereafter moved the court to strike out said complaint for the reason, among other things, that the claim and cause of action therein set forth was wholly different, separate and distinct from the claim presented and filed by the appellant and passed upon by the probate court. The district court made and filed an order striking out the complaint so served, from which order this appeal was taken.

While the stricken pleading is somewhat verbose, yet from a cursory reading thereof it will be observed that the claim or cause of action set

forth therein is for services alleged to have been rendered by the appellant for Marion W. Savage personally from October, 1909, to July, 1916, for which, at the time of his death, there was due and owing from said Marion W. Savage to the appellant, the sum of $16,400, with interest. The claim as presented to and filed with the probate court was based upon the guaranty of the payment for services to be rendered by appellant to the corporation named, while the proposed complaint is for services rendered to decedent personally. The departure is manifest. The probate court has original jurisdiction of claims against estates of deceased persons, while the district court has appellate jurisdiction only. Upon an appeal from the probate to the district court from the allowance or disallowance of a claim, the district court will direct pleadings to be made up as in civil actions, defining the issues to be tried (G. S. 1913, § 7496), that is, for a retrial of the claim filed in the lower court; the substance or basis of the cause of action must be the same. Otherwise the departure will be fatal to the pleading. The holding in Stuart v. Stuart, 70 Minn. 46, 72 N. W. 819, cited by appellant, is not inconsistent with the views herein expressed. The statute cited provides that the district court shall, on or before the second day of the term, direct issues to be framed. The fact that counsel for respondent retained the proposed pleading for more than 24 hours after the service thereof, is immaterial. The pleading was properly stricken out and the order appealed from is affirmed.