[1] Reported in 212 N.W. 167.
Respondent presented a claim for $1,600 to the probate court of Hennepin county for allowance against the estate of Anna B. Speiss, deceased, which was allowed in part only, and claimant appealed to the district court, where a trial de novo was had and a verdict returned in favor of claimant for the full amount of her claim with interest from January 1, 1919. Judgment was entered upon the verdict, from which this appeal was taken.
Appellant sets forth eight assignments of error in his brief which may be considered in the order therein.
The claim is for services and personal attention rendered by the claimant to the decedent at her special instance and request during the year 1918. At the time of the death of decedent's husband in March, 1918, Mr. and Mrs. Speiss owned considerable property, most of which was in his name. Decedent was quite elderly. They had no children or relatives with whom they affiliated, and her eyesight was failing. She felt the need of a companion who would furnish her care and personal attention. She had known claimant from her childhood and was very fond of her and her children. In 1910 they had loaned claimant $1,600, taking a mortgage on her home as security. On the day of the husband's funeral Mrs. Speiss approached the claimant and told her that if she would be a companion to her and give her such assistance as she might need from time to time until her husband's estate was closed, she would give her the $1,600 mentioned and satisfy the mortgage on her home. The offer was accepted and claimant assumed the undertaking, keeping her promise until in December, 1918, when she became ill with influenza and was confined to her home. In March, 1919, some complications arose over the husband's estate which Mrs. Speiss was unable to understand and she sent for claimant, who responded to the call. Mrs. Speiss then told claimant in effect that she had done a great deal for her, had sacrificed much and that she would give her the $1,600 for what she had done. Claimant thereafter complied with the requests made of her by Mrs. Speiss and the latter, in the presence of others, repeatedly told her she would give *Page 223 
her the $1,600 as soon as the estate was settled. In 1920 claimant sold her home subject to the mortgage. When claimant informed Mrs. Speiss of what she had done, Mrs. Speiss told her that as soon as she could get around to it she would pay her the $1,600 in money. Several witnesses testified to having heard these statements made by Mrs. Speiss to the claimant at different times.
The trial court denied appellant's motion to strike the case from the calendar. The appeal was taken on February 27 and the return filed July 5, 1923. A combined note of issue and notice of trial was filed October 14, 1924, as required by the rule in Hennepin county. The statute imposed no duty on the appellant to cause the return of the probate court to be filed within a certain time. That duty is with the probate court. G.S. 1923, § 8986. Under the provisions of G.S. 1923, § 8988, the case might have been brought to trial by either party on eight days' notice. We see no prejudice on account of the refusal of the trial court to strike the case from the calendar. The complaint was filed at the time the case was called for trial. Delay in framing issues for trial upon appeal from probate court is a mere irregularity. Lake v. Albert, 37 Minn. 453, 35 N.W. 177.
It appears that claimant commenced rendering services for decedent under an express contract in March, 1918, and continued until taken ill in December following. In March, 1919, decedent sent for claimant and told her that she realized that claimant had done much for her and that she intended to give her the $1,600 evidenced by the mortgage for what she had already done for her and that she would do so as soon as the estate was settled. She repeated such statement several times in the presence of others. There was testimony as to services rendered between March, 1919, and the time of decedent's death in 1922, but this was in support of the second cause of action set forth in the complaint for services upon the quantum meruit and not in support of the cause of action upon the express contract.
It is apparent that the verdict was upon the contract and not upon the quantum meruit. The recovery was upon the identical claim filed in and passed upon by the probate court. A claim on an express contract may be changed in a pleading to one on an implied *Page 224 
contract. Dun. Pr. L. § 68; Stuart v. Stuart, 70 Minn. 46,72 N.W. 819. It is averred in the complaint that decedent agreed to give claimant the $1,600 evidenced by the mortgage, as previously agreed upon, in payment for the services rendered during the year 1918. The court properly overruled the objection to the filing of the complaint. It states a good cause of action and there was no error in refusing to require claimant to elect which cause of action she relied upon. Walsh v. Kattenburgh, 8 Minn. 99 (127); Tingue v. Patch, 93 Minn. 437, 101 N.W. 792. The verdict is for the exact amount declared upon for services under the express contract with interest from January 1, 1919. No services were performed under the contract after that issue. There was no error in refusing the interrogatories referred to in assignment number 6. The matter was within the discretion of the trial court and there was no abuse of the discretion.
We find no merit in assignment number 7. The trial court had overruled the motion of appellant to dismiss the appeal. There was nothing pending before the court. The appellant entered upon an argument in which he stated that as the result of the ruling the estate would be plundered by claimant, when counsel for claimant interjected: "It is conceded that this estate is being plundered." Whereupon appellant entered an exception to the statement and the court remarked: "I don't see anything objectionable to the statement."
Appellant contends and urges that the statement of the court was prejudicial. If there was anything caustic in the remark, as contended for by appellant, it was the outgrowth of statements made by him with reference to the estate's being plundered by claimant. We are unable to see how prejudicial error could arise from the incident. It was not a ruling upon any question before the court. It was at most an aftermath. Smith v. Kingman Co.70 Minn. 453, 73 N.W. 253; Jung v. Theo. Hamm. Brew. Co. 95 Minn. 367,104 N.W. 233.
Assignment number 8 is that the court erred in denying defendant's motion for a new trial upon the grounds therein stated. This assignment is too general to present any question for consideration. *Page 225 
The motion for a new trial was upon several grounds. The appeal is from the judgment. McLaughlin v. Cloquet T. P. Co. 119 Minn. 454,455, 138 N.W. 434, 49 L.R.A. (N.S.) 544; Adams v. City of Thief River Falls, 84 Minn. 30, 86 N.W. 767.
The verdict is upon an express contract for services performed. The question of excessive damages is not involved. The evidence made a case for the jury and the verdict is warranted thereby.
Judgment affirmed.